Dear Mr. Shows:
You requested an opinion of this office on behalf of the Nursing Supply and Demand Commission to determine if it would be constitutional for Louisiana to join the Nurse Licensure Compact (Compact). Under the Compact, nurses licensed in Louisiana would be allowed to practice in other participating Compact states, and also nurses licensed in other participating Compact states would be allowed to practice in Louisiana. Both situations would be allowed without a license or endorsement from the second state. More particularly you ask if participation in the Compact is an improper delegation of legislative power under the Louisiana Constitution.
In a previous opinion of this office, La. Atty. Gen. Op. No. 97-534, the standard in this area is quoted from State v. UnionTank Car Co., 439 So.2d 377 (La. 1983) and State v. All ProPaint and Body Shop, Inc., 639 So.2d 707 (La. 1994), where the Supreme Court observed in State v. Union Tank Car, Co.
 It is a well-established rule of constitutional jurisprudence that although the legislature may not delegate purely legislative power, it may declare its will, and, after fixing a primary standard, devolve upon administrative officers the power to `fill up the details' by prescribing administrative rules and regulations. . . . In other words, although the legislature may not delegate the legislative power to determine what the law shall be, it may delegate to administrative boards and agencies of the state the power to ascertain and determine the facts upon which the laws are to be applied and enforced. . . . As explained by this court in the case of Schwegmann Brothers Giant Super Markets v. McCrory, *Page 2 Commissioner of Agriculture, 237 La. 768, 112 So.2d 606 (La. 1959) . . .:
 `So long as the regulation or action of the official or board authorized by statute does not in effect determine what the law shall be, or involve the exercise of primary and independent discretion, but only determines within prescribed limits some fact upon which the law by its own terms operates, such regulation is administrative and not legislative in nature' [Emphasis added.]
Further guidance is presented by the Supreme Court in State ofLouisiana vs. All Pro Paint and Body Shop, Inc. and William J.Hampton 639 So.2d 707, 93-1316 (La. 7/5/94) at 711, where the Court restates and reaffirms Schwegmann.
 Recognizing that the Louisiana Constitution unequivocally mandates the separation of powers among the three branches of state government, this court in delegation cases traditionally has distinguished between delegations of purely legislative
authority, which necessarily violate the separation of powers, and delegations of ministerial or administrative authority, which do not. The court explained the distinction in Schwegmann Brothers Giant Super Markets v. McCrory, 237 La. 768, 787-88, 112 So.2d 606, 613 (1959) (footnotes omitted) (emphasis added).
The Court continues in State v. All Pro Paint, at 712, by presenting a three-prong test to determine if legislative authority has been delegated as follows:
 Guided by the principles set forth in Schwegmann
and inherent in the constitutional separation of powers, this court has fashioned a three-prong test for determining on a case-by-case basis whether a statute unconstitutionally delegated legislative authority, as opposed to ministerial or administrative authority, to an administrative agency: a delegation of authority to an administrative agency is constitutionally valid if the enabling statute (1) contains a clear expression of legislative policy; (2) prescribes sufficient standards to guide the agency in the execution of that policy, and (3) is accompanied by adequate procedural safeguards to protect against abuse of discretion by the agency. State v. Barthelemy, 545 So.2d 531, 534 (La. 1989); Adams, 458 So.2d at 1298; Union Tank Car, 439 So.2d at 381. This test, which embodies the delegation doctrine as it has evolved in the Louisiana jurisprudence, serves two primary functions vital to preserving the separation of powers required by the Constitution. First, it insures that the fundamental policy decisions in our society will be made *Page 3 
not by an appointed official but by the body immediately responsible to the people. Second, it prevents judicial review from becoming merely an exercise at large by providing the courts with some measure against which to judge the official action that had been challenged.
The proposed Nurse Compact for Louisiana is not a delegation of authority to an administrative agency of Louisiana, but goes even further by delegating the authority to the legislature of another state and through that legislature to an administrative agency of that state. Clearly the Louisiana Legislature would not be making a clear expression under test one, would not be giving standards under test two and has inadequate procedural safeguards under test three.
Because the proposed Nurse Compact for Louisiana fails the delegation test above and because the compact would, through absolute reciprocity, allow other states' legislatures the unqualified right to determine the qualifications for the practice of nursing in this state by nonresidents, we believe the compact would be an unconstitutional delegation of legislative authority.
Although many states have adopted the Compact, the Attorney General's office in the State of Kansas, in their Opinion No. 99-3, using similar reasoning as is used in this Opinion but being based on other statutes and case law, came to a similar conclusion that the Compact was an improper delegation of legislative authority.
We trust that this sufficiently answers your inquiry, however if we may be of further assistance please do not hesitate to contact our office.
 Yours truly,
 CHARLES C. FOTI, JR.
 Attorney General
 BY: __________________________
 CHARLES F. PERRY
 Assistant Attorney General